1  COLEMAN, BALOGH & SCOTT LLP
   ETHAN A. BALOGH, No. 172224
2  JAY A. NELSON, No. 258431
   235 Montgomery Street, Suite 1070
3  San Francisco, CA 94104
   Phone: 415.391.0440
4  Facsimile: 415.373.3901
   eab@colemanbalogh.com
5
   Attorneys for Defendant
6  ELIJAH COOPER

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,              Case No. 13 Cr. 693 SI

13                 Plaintiff,              NOTICE OF MOTION AND MOTION TO
                                           DISMISS COUNT TWO OF THE
14         v.                              SUPERSEDING INDICTMENT;
                                           MEMORANDUM OF POINTS AND
15                                         AUTHORITIES IN SUPPORT
    ELIJAH COOPER,
16                                         Date:   October 31, 2014
                                           Time:   11:00 a.m.
17                 Defendant.

18                                         Before the Honorable Susan Illston
                                           United States District Judge
19

20

21  TO:   MELINDA HAAG, UNITED STATES ATTORNEY, and BENJAMIN TOLKOFF and
          WAI-SHUN "WILSON" LEUNG, ASSISTANT UNITED STATES ATTORNEYS
22
          PLEASE TAKE NOTICE that on October 31, 2014, at 11:00 a.m., or as soon thereafter
23
    as he may be heard, defendant Elijah Cooper, by and through his counsel, will and does hereby
24
    move this Court for an Order dismissing count two of the superseding indictment.
25
                                          **MOTION**
26
          Elijah Cooper moves this Court pursuant to the Due Process clause of the Fifth
27
    Amendment and all other applicable case law and statutes for an Order dismissing count two of
28

the superseding indictment.  Mr. Cooper contends that the complete absence of any factual assertions to support the conspiracy allegation renders count two insufficient and it must be dismissed.

      This motion is based on the instant notice of motion and motion, the Court's July 31, 2014 Order addressing pretrial motions, *see* ECF No. 65, the attached memorandum of points and authorities, the Declaration of Ethan A. Balogh Filed September 26, 2014, the documents on file in the Clerk's Record, and any and all other materials that may come to this Court's attention at the time of the hearing on this motion.

                                                                  Respectfully submitted,

DATED: September 26, 2014                COLEMAN, BALOGH  & SCOTT LLP

                                                               */s/ E A Balogh*
By: ETHAN A. BALOGH
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Direct: (415) 391-0441

Attorneys for Defendant
ELIJAH COOPER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Background

Defendant Elijah Cooper is charged in a two-count superseding indictment with distributing crack cocaine on February 5, 2013, and with conspiring with unnamed persons, from February 4 through May 29, 2013, to distribute crack cocaine. ECF No. 67. The grand jury returned this superseding indictment in response to this Court's Order dismissing count two—the conspiracy count—in response to Mr. Cooper's motion to dismiss. *See* ECF No. 65 at 5-7.

As pleaded in the initial indictment, count two alleged as follows:

> COUNT TWO: (21 U.S.C. § 846 - Conspiracy to Distribute Cocaine Base)
>
> 2. Beginning on an unknown date but no later than February 4, 2013, and continuing until at least on or about May 29, 2013, in the Northern District of California, the defendant, ELIJAH COOPER, knowingly and intentionally combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to distribute 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 84l(a)(l) and 84l(b)(l)(B)(iii), all in violation of Title 21 United States Code, Section 846.

ECF No. 1.

As pleaded in the superseding indictment, count two now alleges as follows:

> COUNT TWO: (21 U.S.C. § 846- Conspiracy to Distribute Cocaine Base)
>
> 2. From on or about February 4, 2013, and continuing until on or about May 29, 2013, in the Northern District of California, the defendant, ELIJAH COOPER, knowingly and intentionally combined, conspired, conspired [sic], confederated and agreed with other persons known and unknown to the Grand Jury to commit the following offense against the United States: to distribute twenty-eight grams and more of a mixture and substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(B)(iii), all in violation of Title 21, United States Code, Section 846.

ECF No. 67. As is plain, count two of the superseding indictment is nearly identical to the count dismissed by the Court from the original indictment.

## II. Argument

Because the Court addressed in the first round of motions a challenge to the sufficiency of a nearly identically worded conspiracy count, Mr. Cooper will rely on the Court's work and findings. To begin, as the Court recognized:

> An indictment is sufficient to withstand a defendant's motion to dismiss 'if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.' *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citation omitted).

ECF No. 65 at 6.

Applying this standard, the Court should find count two insufficiently pleaded, and the Court should dismiss it. And it should do so for the same reasons it found appropriate with respect to the initial indictment, *viz.*,

> Count Two of the indictment fails to provide 'the substantial safeguards to criminal defendants that indictments are designed to guarantee.' *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam) (citation and internal quotation marks omitted). Count Two charges Cooper with conspiracy to distribute cocaine base. It alleges that, "[[f]rom on or about] February 4, 2013, and continuing until . . . on or about May 29, 2013, in the Northern District of California," Cooper conspired with "other persons known and unknown to the Grand Jury . . . to distribute [twenty-eight] grams or more of a mixture and substance containing cocaine base. . . Indictment at 2. Although Count Two adequately tracks the statutory language, it fails to provide sufficient detail regarding when the alleged conspiracy took place, or any detail at all regarding who the alleged coconspirators were or any facts regarding what they were alleged to have done. *See Cecil*, 608 F.2d at 1297 (reversing district court's denial of motion to dismiss indictment where the time frame was "open-ended in both directions," and the "indictment clearly lacked a statement of the facts and circumstances that would inform the accused of the specific offenses with which they were charged").

*Id*. at 6-7.

The Court should thus find that, even two months after it issued its dispositive Order:

> *Cecil* is still binding authority to the extent it requires that 'an indictment [for violation of 21 U.S.C. § 846 must] contain a few basic factual allegations [to] accord[] defendants adequate notice of the charges against them and assure[] them that their prosecution will proceed on the basis of facts presented to the grand jury.' 608 F.2d at 1297.

*Id*. at 7.

The only remaining question is whether the Court should dismiss count two with prejudice. The Court instructed the Government that, to be sufficient, its section 846 conspiracy allegation must set forth some "factual allegations" to provide adequate notice and assure that the defendant will be tried *only* on the facts presented to the grand jury. *Id*. In response, the Government voiced its disagreement with the Court's Order by refusing to accept and honor it.

2

1  Most directly, the Government's new indictment does not contain "sufficient detail (1) to enable
2  [Mr. Cooper] to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of
3  the facts presented to the grand jury; (3) to enable him to plead double jeopardy; [or] (4) to
4  inform the court of the alleged facts so that it can determine the sufficiency of the charge." ECF
5  No. 65 at 6.  And while knowing as much, and knowing that it could identify the conspirators
6  reportedly "known to the grand jury" and knowing it could identify, if they exist, facts to
7  demonstrate the sufficiency of the charge, the Government again refused to provide them.  To be
8  sure, the Court should consider the Government's response before deciding the question.  But
9  Mr. Cooper can divine no proper basis for the Government's studious rejection of this Court's
10 directive, and on this record, the Court should dismiss count two of the indictment with
11 prejudice.

                                              Respectfully submitted,

DATED: September 26, 2014         COLEMAN, BALOGH & SCOTT LLP

                                              */s/ E A Balogh*
By: ETHAN A. BALOGH
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Direct: (415) 391-0441

Attorneys for Defendant
ELIJAH COOPER

**PROOF OF SERVICE**

I, Ethan A. Balogh, certify that on September 26, 2014, I served all parties in this matter by causing the preceding pleading to be filed electronically, as set forth by Local Rule 5-1.

Dated: September 26, 2014

*/s/ E A Balogh*
ETHAN A. BALOGH