1  MELINDA HAAG (CABN 132612)
   United States Attorney

2  J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  BENJAMIN TOLKOFF (NYBN 4294443)
   Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7200
7      FAX: (415) 436-7234
       Benjamin.Tolkoff@usdoj.gov

8  Attorneys for United States of America

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

12 SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-693 SI |
| Plaintiff, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS:** |
| v. | **1) TO SUPPRESS WIRETAPS; AND** |
| ELIJAH COOPER, | |
| Defendant. | **2) TO SUPPRESS EVIDENCE OBTAINED BY PEN REGISTERS TRAP AND TRACE DEVICES** |

## I. INTRODUCTION:

On September 26, 2014, Mr. Cooper filed his second volley of motions. Two of those motions – Motion to Suppress Evidence Obtained by Pen Registers, Trap and Trace Devices and Motion to Suppress Wiretaps – stem from confusion about the nature of pen registers. Because both motions are rooted in the same misunderstanding, they are responded to here in one opposition.

## II. FACTS:

On February 27, 2013, the government sought and received an order authorizing the installation and use of a pen register on Mr. Cooper's phone – 415-410-9786.[1] The order was issued by the

---

[1] A copy of the order is hereby provided for the Court's *in camera* review.

U.S.' RESP. DEFT.'S MOT. TO SUPPRESS
CR 13-693 SI

Honorable Maria Elena James, United States Magistrate Judge, Northern District of California. The order requires the service provider to give the government call detail records for the preceding sixty days.[2] The order expressly prohibits the investigative agency (in this case the Federal Bureau of Investigation) from obtaining Global Positioning System (GPS) data about the location of Mr. Cooper's phone.[3] The order does allow the government to access cell site information,[4] which is what Mr. Cooper is now moving to suppress.

## III. DISCUSSION:

As an initial matter Mr. Cooper's Motion to Suppress Wiretaps must be denied. He claims the government was conducting "warrantless, unauthorized, electronic surveillance." This is simply not true. The government applied for and received an order from Judge James. Pursuant to that order received call detail records. The government then analyzed those records and the analysis is what Mr. Cooper sites in his papers. There was no "electronic surveillance" or Mr. Cooper's phone that happened between December 29, 2012 and February 27, 2013. There was an analysis of phone records which were received pursuant to a court order.

Mr. Cooper's second motion – to suppress evidence obtained by pen registers, trap and trace devices – is also without merit. Either by neglect or design, Cooper inaccurately describes GPS data. GPS data, as the term is commonly used, refers to the location of a telephone as identified by a satellite. That is not what has. What we do have is cell site data. That tells the government which cell tower is providing service to a cell phone while the phone is making or receiving a call or text. 18 U.S.C. § 2703 allows the government to get cell site information without a warrant. Mr. Cooper obliquely relies on *United States v. Davis*, 754 F.3d 1205 (11th Cir. 2014) to argue that the government has overstepped its bounds. Cooper recognizes that *Davis* has been vacated, but argues that it was a well-reasoned decision. Of course the Eleventh Circuit did not seem to agree because the holding was vacated, but even if it had not, *Davis* was never the law of the Ninth Circuit. Although the Ninth Circuit has not yet addressed the issue, the Southern District of California has.

---

[2] At 4:20-23.
[3] At 3:8-14.
[4] At 4:26.

Although the Ninth Circuit has yet to consider a challenge to the constitutionality of § 2703(d)'s standard for historical cell site data, the Third and Fifth Circuits have found that the lower standard found in § 2703 withstands Fourth Amendment challenge. 620 F.3d at 317-318; *In re Application of the United States of Am. for Historical Cell Site Data*, 724 F.3d 600, 614-615 (5th Cir. 2013). This Court joins the Third and Fifth Circuits, as well as the majority of the courts to address this issue, 908 F.Supp.2d at 211, in concluding that there is no "reasonable expectation of privacy" in historical cell site data.

There is therefore no law that affords Mr. Cooper the relief he seeks from this Court. His second motion - to suppress evidence obtained by pen registers, trap and trace devices – must also be denied.

## IV. <u>CONCLUSION</u>:

Mr. Cooper's claim that the government was up to unauthorized surveillance is inaccurate. That did not happen and Cooper's motion must be denied. Cooper's motion regarding cell site data is without legal authority and must also be denied.

Date: October 24, 2014.                                Respectfully Submitted,

MELINDA HAAG
United States Attorney

/s/

BENJAMIN TOLKOFF
Assistant United States Attorney