MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

BENJAMIN TOLKOFF (NYBN 4294443)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Benjamin.Tolkoff@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 13-693 SI |
| Plaintiff, | ) **UNITED STATES FURTHER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS** |
| v. | ) |
| ELIJAH COOPER, | ) Date: November 12, 2014. |
| Defendant. | ) Time: 11:00 a.m. |

I.    INTRODUCTION:

Mr. Balogh is now claiming the government is lying about the basis for a one-week extension, that we are in the business of unauthorized monitoring of his client's communications with Anthony Knight and Tristan Higgins and that the government needed a warrant to get cell site data.

The government has been clear with Mr. Balogh and the Court from the start. There has been no unauthorized interception or surveillance in this case. The evidence the government obtained was pursuant to judicial process. Mr. Cooper's motions should be denied.

//

U.S. FURTHER OPP. TO DEFT.'S MTS & MTD
CR 13-693 SI

## II.   DISCUSSION:

Mr. Balogh is now questioning whether the government actually reassigned this case.  The fact that the government reassigned this case is attested to in the attached declaration.

Balogh further questions whether there was a pen register application and order authorized by Judge James.  The government's application and Judge James' order have been provided to the Court.  That application and order expressly prohibit the seizure of GPS data.

Mr. Balogh continues to conflate the terms "GPS" and "cell site data."  Either Mr. Balogh is deliberately trying to mislead the Court, or he fails to recognize that GPS data and cell site location data or information (CSLI) are dealt with differently by the Courts.  What is clear is that the cases Balogh cites distinguish GPS data from CSLI.  *In re United States for an Order Directing Provider of Elec. Commun. Serv. to Disclose Records to the Gov't*, 620 F.3d 304 (3d Cir. Pa. 2010).  And, all of the circuit courts to have addressed the issue have held that the government does not need a warrant to retrieve cell site data.  620 F.3d at 317-318; *In re Application of the United States of Am. for Historical Cell Site Data*, 724 F.3d 600, 614-615 (5th Cir. 2013).  The obvious exception was *Davis*, 754 F.3d at 1205 (11th Cir. 2014) but *Davis* is no longer valid law.

Mr. Balogh continues to rail about what he believes is the government's unauthorized surveillance of text messages between Anthony Knight, Tristan Higgins and Mr. Cooper.  What Balogh fails to understand is that the government does not have the capacity to go rogue and start intercepting electronic communications.  Electronic service providers have process compliance departments and legal counsel.  They will not give the government information or cooperation without judicial process.

//

There may be government agencies somewhere that can surreptitiously tap into electronic service providers databases.  The lowly civil servants at 450 Golden Gate Avenue need a document signed by a judge.

Date:  November 11, 2014.                                        Respectfully Submitted,

                                                         MELINDA HAAG  
                                                         United States Attorney

                                                         /s/

                                                         BENJAMIN TOLKOFF  
                                                         Assistant United States Attorney

U.S. FURTHER OPP. TO DEFT.'S MTS & MTD  
CR 13-693 SI