MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BENJAMIN TOLKOFF (NYBN 4294443)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Benjamin.Tolkoff@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 13-693 SI |
| ) | |
|     Plaintiff, ) | UNITED STATES' RESPONSE TO DEFENDANT'S FEBRUARY 13, 2015 FILING IN RE MOTION TO SUPPRESS |
| v. ) | |
| ) | |
| ELIJAH COOPER, ) | Date: February 27, 2015. |
| ) | Time: 11:00 |
|     Defendant. ) | |

I.    DISCUSSION:

    Mr. Balogh appears to have found only one case that holds there is a Fourth Amendment expectation of privacy in cell-site records, *Tracy v. State*, 152 So. 3d 504 (Fla. 2014).[1]

    In *Tracy* the police got real-time cell-site data without even giving the court specific and articulable facts and the cell-site data the police received was used to track the defendant's location. Neither is true here.

---

[1] Mr. Balogh claims that *In Re Application for an Order Authorizing the Release of Historical Cell-Site Information*, 2011 WL 679925 (E.D.N.Y. 2011)(Orenstein Opinion) held that getting cell-site data implicates the Fourth Amendment. What Judge Orenstein actually said was that, under the circumstances before him, the Fourth Amendment was not implicated. *Id*. at *2.

Balogh also cites *United States v. Martin,* 712 F. 3d 1080 (7th Cir. 2013), for the position that good faith does not apply here. *Martin* involved the installation of a tracking device without a warrant. Here the government got a court order for the data it received. *Martin* simply does not square with the facts here.

II.     CONCLUSION:

None of the law Mr. Balogh cites gets him where he wants to go. The federal cases that denied the applications for cell-site data did so as a matter of statutory construction and the SCA does not provide a suppression remedy. Those cases that dealt with suppression after the records were obtained have all found good faith applies. And no federal case had found a Fourth Amendment expectation of privacy in cell-site data. Mr. Cooper's motion must therefore be denied.

Date: February 18, 2015.                     Respectfully submitted,

                                             MELINDA HAAG
                                             United States Attorney

                                             /s/
                                             _____
                                             BENJAMIN TOLKOFF
                                             Assistant United States Attorney