United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

　　　　　　　Plaintiff,

　　　　v.

ELIJAH COOPER,

　　　　　　　Defendant.

Case No.　13-cr-00693-SI-1

**ORDER RE: DEFENDANT'S MOTIONS TO DISMISS**

Re: Dkt. Nos. 133, 134

**BACKGROUND**

　　　　The Court set forth a detailed factual background in its prior order in this case, and therefore will not repeat it here. *See* Docket No. Docket No. 117 at 1-4. The procedural history pertinent to the present motions is as follows. Defendant Elijah Cooper was arrested on October 4, 2013. On October 17, 2013 the grand jury returned a two-count indictment against Cooper, charging him with: (1) distribution of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(B)(iii); and (2) conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846.

　　　　On July 31, 2014, the Court issued an order ruling on eight motions filed by Cooper. Docket No. 65. Therein, the Court granted defendant's motion to dismiss Count Two of the indictment. *Id.* at 7. On August 28, 2014, the grand jury returned a superseding indictment, charging the same two counts as the original indictment. Docket No. 67. On November 12, 2014, the Court issued an order, on Cooper's motions, dismissing Count Two of the superseding indictment. Docket No. 87. On December 10, 2014, the government filed a notice of appeal, challenging the Court's dismissal of the conspiracy charge. Docket No. 94.  Neither party sought a stay pending the government's appeal, and at a status conference on February 27, 2015, the Court set a May, 2015 trial date.  Docket No. 115.  On March 16, 2015, when the its appellate brief

1   became due, the government voluntarily dismissed its appeal. Docket No. 118. At a status

2   conference held on March 26, 2015, the Court set April 9th as the deadline for the government to

3   provide Cooper with trial exhibits, and to file a superseding indictment if it so chose. Docket No.

4   122.

5          On April 7, 2015 the government filed a second superseding indictment ("SSI"), charging

6   Cooper with: (1) distribution of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), 841

7   (b)(1)(B)(iii); (2) use of a communication facility to commit a drug felony, in violation of 21

8   U.S.C. § 843(b); and (3) conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. In

9   response, Cooper filed a motion to dismiss the SSI, and a motion to dismiss Counts Two and

10   Three of the SSI. Docket Nos. 133, 134.

11

12                                         **DISCUSSION**

13   **I.**     **Motion to Dismiss Counts Two and Three**

14          **A.**     **The Conspiracy Count**

15          Federal Rule of Criminal Procedure 7(c) provides that an indictment must contain "a plain,

16   concise, and definite written statement of the essential facts constituting the offense charged." In

17   the Ninth Circuit, an indictment is usually sufficient if it sets forth the elements of the offenses

18   charged. *United States v. Fernandez*, 388 F.3d 1199, 1200 (9th Cir. 2004); *see also United States*

19   *v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("In the Ninth Circuit the use of a 'bare bones'

20   information – that is one employing the statutory language alone – is quite common and entirely

21   permissible so long as the statute sets forth fully, directly and clearly all essential elements of the

22   crime to be punished.") (alteration, citation, and internal quotation marks omitted)). In

23   considering a motion to dismiss an indictment, the Court may not look beyond "the four corners of

24   the indictment in analyzing whether a cognizable offense has been charged." *United States v.*

25   *Boren*, 278 F.3d 911, 914 (9th Cir. 2002). An indictment is sufficient to withstand a defendant's

26   motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to

27   enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the

28   basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4)

United States District Court
Northern District of California

2

1    to inform the court of the alleged facts so that it can determine the sufficiency of the charge."

2    *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citation omitted).

3         The Court has twice granted Cooper's motion to dismiss the conspiracy count because it

4    failed to provide "the substantial safeguards to criminal defendants that indictments are designed

5    to guarantee." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam) (citation

6    and internal quotation marks omitted). *See* Docket Nos. 65, 87. The Court found that the initial

7    indictment failed to provide sufficient detail regarding (1) when the conspiracy took place because

8    the time frame was essentially open-ended in both directions, (2) the identity of the alleged

9    coconspirators, and (3) facts regarding what they were alleged to have done. Docket No. 65 at 6.

10   The first superseding indictment provided a more definite time frame (approximately four

11   months), yet failed to specify the identity of any of the alleged co-conspirators. The conspiracy

12   charge in the SSI reads as follows:

> COUNT THREE: (21 U.S.C. § 846- Conspiracy to Possess With
> Intent to Distribute and Distribute Cocaine Base)
>
> 3. The allegations contained in Counts One and Two of this
> Indictment are realleged and incorporated as if fully set forth here.
>
> 4. From on or about February 4, 2013, and continuing until on or
> about March 18, 2013, in the Northern District of California, the
> defendant, ELIJAH COOPER, knowingly and intentionally
> combined, conspired, confederated and agreed with Anthony Knight
> and other persons known and unknown to the Grand Jury to possess
> with intent to distribute, and to distribute, a Schedule II controlled
> substance, to wit, twenty-eight grams and more of mixtures and
> substances containing cocaine base [.]

21        The SSI has narrowed the time frame of the conspiracy by approximately two and a half

22   months, and for the first time has named an individual with whom Cooper is alleged to have

23   conspired. Count Three also "reallge[s] and incorporate[s]" the allegations from Counts One and

24   Two, which include allegations that, on February 5, 2013, Cooper used a cell phone to facilitate

25   the possession with intent to distribute cocaine.

26        Cooper cites no case which would cast doubt on the sufficiency of Count Three as

27   currently pled in the SSI. Indeed, in light of cases in this circuit upholding substantially similar

28   indictments, the Court finds that the government has adequately remedied the conspiracy count.

1   *See United States v. Forrester*, 616 F.3d 929, 941 (9th Cir. 2010) (holding that an indictment that

2   "tracks the language of the conspiracy statute, identifies a location and co-conspirators, and

3   alleges the purpose of the conspiracy . . . allege[s] a semi-discrete time period (it gave an end date

4   but no beginning date) and certain overt acts" was sufficient.); *United States v. McCown*, 711 F.2d

5   1441, 1450-51 (9th Cir. 1983) (finding indictment sufficient which "states . . . the time during

6   which the conspiracy was operative, states the purpose of the conspiracy . . . , cites the statutes

7   allegedly violated . . ., gives the approximate location of the conspiratorial activities . . ., and

8   names some of the co-conspirators."). Accordingly, the Court DENIES Cooper's motion to

9   dismiss Count Three of the SSI.

### B.   The Speedy Trial Act

12   Cooper contends that the Government has failed to comply with the provision of The

13   Speedy Trial Act which requires that "[a]ny information or indictment charging an individual with

14   the commission of an offense shall be filed within thirty days from the date on which such

15   individual was arrested or served with a summons in connection with such charges." 18 U.S.C.A.

16   § 3161(b). Specifically, Cooper argues that the government had 30 days from the Court's

17   November 12, 2014 dismissal of the conspiracy charge to file a new indictment. Excluding time

18   for the government's interlocutory appeal, Cooper calculates that the government took 50 days to

19   return the SSI, thus rendering it untimely under the Act and requiring dismissal with prejudice of

20   Counts Two and Three of the SSI. Docket No. 133, Def. Mot at 5.

22   When charges are dismissed and subsequently refiled, Section 3161(d)(1) provides:

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

United States District Court
Northern District of California

4

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In *US v. Barraza-Lopez*, the Ninth Circuit joined six other circuits in holding that under Section 3161(d)(1) "when a charge is dismissed and proceedings are reopened by the charge's refiling, the subsequent complaint, indictment or information substitutes for the arrest or service of summons that ordinarily starts the 30–day clock, and the 30–day period runs from the date on which the subsequent complaint, indictment or information is filed." 659 F.3d 1216, 1219 (9th Cir. 2011).  This holding precludes Cooper from arguing that the SSI was untimely under the Act, as a new 30-day clock began to run on the very same day the government filed the SSI. *Id.*

Nonetheless, Cooper argues that Counts Two and Three should be dismissed because the government engaged in "gamesmanship" by filing an interlocutory appeal solely to toll the 30-day period, without any intention of actually appealing the Court's November 12 order dismissing the conspiracy count. The government argues that the "fact that [it] later dismissed the appeal demonstrates the contemplative process the government undertakes before appealing an issue to the Ninth Circuit." Docket No. 142, Pl. Opp'n at 8. In *Barraza-Lopez*, the court recognized that in future cases the government may "abuse its latitude to reinstitute prosecution[s] by dismissing charges when time limits start to run, and then re-filing them later to start a new clock." *Id.* at 1222 (internal quotations omitted). While in some cases, waiting until the last possible day to dismiss an interlocutory appeal may serve as an indicium of the government's bad faith, here, the Court cannot find that this fact, standing alone, rises to level of prosecutorial misconduct requiring dismissal with prejudice. After all, "the need to guard against prosecutorial abuse must be balanced against 'the interest in allowing the Government to proceed cautiously and deliberately before making a final decision to prosecute.'" *Barraza-Lopez*, 659 F.3d at 1222 (quoting *US v. MacDonald*, 456 U.S. 1, 11 (U.S. 1982) (Stevens, J., concurring)). Accordingly, the Court DENIES Cooper's motion to dismiss Counts Two and Three of the SSI.

United States District Court
Northern District of California

**II.     Motion to Dismiss the Second Superseding Indictment**

Cooper argues that the government has failed to produce certain exculpatory evidence as required by the Court's order, Docket No. 115, and under *Brady v. Maryland*, 373 U.S. 83 (1963). He asks the Court to sanction the government by dismissing the SSI, or at minimum, by instructing the jury that the government improperly withheld exculpatory evidence. The evidence in question pertains to controlled drug buys between Anthony Knight and confidential government informants, which occurred before the alleged conspiracy between Cooper and Knight is alleged to have begun. Cooper argues that because he was not a party to these transactions, it makes the government's allegation that that he was Knight's supplier during the February 5, 2013 transaction less likely. Docket No. 134, Def. Mot. The government responds that (1) the evidence Cooper seeks to compel is entirely irrelevant,[1] and (2) it would unnecessarily reveal the identity of a confidential informant. Docket No. 143, Pl. Opp'n.

Neither party's line of argument is tethered to controlling case law. Cooper cites no case to support his argument, preferring to rest on the logic that "[p]lainly, Mr. Cooper's lack of involvement in Knight's serial (and recorded) sales of cocaine tends to make Mr. Cooper's role as Knight's alleged supplier in the February 5 sale less likely." Def Mot at 3. The government reasons by analogy from one out-of-circuit case to support the proposition that evidence of drug sales involving Knight, but not Cooper, need not be produced.

The government also argues that turning over the evidence in question would reveal the identity of a confidential source, putting the source "at grave risk of retaliation and physical harm," Pl. Opp'n at 5, and thus seeks to avail itself of the so-called "informer's privilege." "[T]he informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, the scope of the privilege is not limitless, and must ultimately yield to a defendant's right to due process. *Id.* at

---

[1] The government agreed to turn over evidence of two controlled buys involving Knight – but not Cooper – because the transactions involved an anticipated government witness. Pl. Opp'n at 2.

United States District Court
Northern District of California

60-61. In deciding whether the privilege applies, a court must examine all the facts and circumstances, and weigh "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The defendant has the burden to "show that he has more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' or will be essential to a fair trial." *United States v. Ramirez-Rangel*, 103 F.3d 1501, 1505 (9th Cir. 1997) *abrogated on other grounds by Watson v. United States*, 552 U.S. 74 (2007) (citing *United States v. Amador-Galvan,* 9 F.3d 1414, 1417 (9th Cir.1993)).

While Cooper does not discuss the viability of the privilege in his reply brief, the Court has little trouble determining that it is applicable in this case. The evidence that Cooper seeks to elicit – that Knight conducted illegal drug sales without Cooper's assistance – does little if anything to cast doubt upon the government's allegation that Cooper supplied Knight with drugs for at least one transaction. Furthermore, the government has already provided Cooper with evidence relating to at least two other transactions that Knight conducted without Cooper, making the evidence Cooper seeks to compel essentially cumulative of evidence already in his possession.  *See United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989) (privilege applies where "informant's testimony would either have been cumulative or insignificant."). Accordingly, the Court DENIES Cooper's motion to dismiss the SSI.[2]

**IT IS SO ORDERED.**

Dated: April 23, 2015

_____
SUSAN ILLSTON
United States District Judge

---

[2] The Ninth Circuit has held that "in disclosure cases an *in camera* hearing is [the] favored procedure" to determine whether the informer's privilege applies. *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993). However, here, Cooper merely seeks to compel evidence to show that Knight conducted certain transactions without Cooper's involvement. *In camera* review of surveillance footage of these transactions will do little to assist the Court in determining whether the privilege applies, and in any event, Cooper has failed to make a threshold showing that the evidence is "relevant or helpful."