UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| USA, | |
|---|---|
| Plaintiff, | Case No. 13-cr-00693-SI-1 |
| v. | **FINAL PRETRIAL SCHEDULING ORDER** |
| ELIJAH COOPER, | Dkt. Nos. 138, 141 |
| Defendant. | |

On April 21, 2015, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning May 7, 2015. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule:** The parties expect the evidence will take 4 days to present. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate. The trial will proceed with jury selection on May 7, 2015; begin with opening statements and evidence on May 14, 2015; and continue until completion beginning May 18, 2015.

2. **Number of jurors and challenges:** There shall be a jury of twelve members, plus 2 alternate jurors. The government shall have 6 peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have 1 additional peremptory challenge for the alternates.

3.     **Voir dire:** The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes in total to question the panel.

4.     **Jury instructions:** The Court received proposed jury instructions from both parties. The parties are reviewing them, and will confer with each other as necessary. The Court has requested counsel prepare brief substantive instructions to provide to the jury before the trial, with the other procedural preliminary instructions. Counsel should file these instructions no later than May 5, 2015.

5.     **Trial exhibits:** No later than May 6, 2015, the government shall submit its trial exhibits in binders with numbered tabs separating and identifying each exhibit.  The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6.     **Motions in limine:**

**Government's No. 1: motion to admit witness identification:** DENIED. In the Court's July 31 order, the Court addressed Cooper's motion to suppress a cooperating witness' identification of him. The Court found that the government's use of single photograph displays was "unnecessarily suggestive," but deferred ruling on the motion until the record was more fully developed. The government now moves to introduce this evidence. The government has provided email exchanges between the witness and the government, but relies heavily on declarations by government agents detailing what was said during phone conversations with the witness, for which there is no record. The Court will therefore hold an evidentiary hearing at 10 a.m. on April 29, 2015 to determine whether the witness's identification was reliable despite the unnecessarily suggestive nature of the identification procedure. Whether an identification was reliable, or whether it bears a "substantial likelihood of misidentification," requires the examination of several

2

factors: (1) "the opportunity of the witness to view the criminal at the time of the crime," (2) "the witness' degree of attention," (3) "the accuracy of the witness' prior description of the criminal," (4) "the level of certainty demonstrated by the witness at the confrontation," and (5) "the length of time between the crime and the confrontation." *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

**Government's No. 2: motion to exclude reference to sentence or punishment:** GRANTED.

**Government's No. 3 motion to impeach defendant with prior convictions:** DENIED, without prejudice to rulings on specific convictions should defendant choose to testify.

**Government's No. 4: motion to exclude defendant from admitting his own prior statements:** DENIED. If the government introduces only a portion of these statements, the rule of completeness allows Cooper to introduce other portions of the statements if the government's chosen excerpt would distort or misrepresent the statement.

**Government's No. 5: motion to preclude reference in opening statement to facts that Cooper does not reasonably anticipate will be supported by evidence:** DENIED without prejudice to specific objections at time of trial.

**Government's No. 6: motion to enforce reciprocal discovery requirements:** DENIED.

**Government's No. 7: motion to preclude certain unnoticed affirmative defenses:** DENIED without prejudice to specific objections at time of trial.

**Defendant's No. 1: motion to exclude expert testimony of FBI CAST officer Hector Luna:** The notice the government provided does not include a summary of Luna's opinions or the bases and reasons for them as required by Rule 16(a)(1)(G). At argument, the Court ORDERED the government to provide Cooper with an updated notice no later than April 24, 2015. The Court takes under advisement the issue of whether to limit Luna's testimony to the opinions presented in the government's deficient Rule 16 notice.

**Defendant's No. 2: motion to exclude cell site data not yet disclosed:** Cooper claims that some of the cell site data the government has produced (namely the historical cell site data) does not contain the GPS coordinates of the cell towers. This is of particular concern to Cooper, because there is no GPS data for calls made on February 5, 2013 – the date of the alleged drug transaction with Knight. The government contends that the historical data (or toll records) use a "different sector/tower numeric system" to identify cell towers, and that the government has already provided Cooper with a key which provides the GPS coordinates of each tower. At argument Cooper contended that the key the government provided was nearly impossible to use. The Court therefore ORDERS the parties to file the key that the government provided <u>no later than April 27, 2015</u> so that it may assess whether it is sufficient to allow Cooper to obtain the GPS coordinates at issue. The motion to exclude is DEFERRED until after receipt of this further information.

**Defendant's No. 3: motion to exclude expert testimony of chemist Tina Chang:** DENIED. As with any expert, Chang may only testify as to the opinions that have properly been disclosed pursuant to Rule 16(a)(1)(G). However, contrary to defendant's assertion, the Court finds that Chang's opinion as to the weight and purity of the substance she tested was properly disclosed in an attached exhibit.

**Defendant's No. 4: motion to exclude expert testimony of chemist Jason Otis:** DENIED. However, Otis' testimony may only encompass the opinions disclosed: namely the nature and weight of the substance he tested.

**Defendant's No. 5: motion to exclude expert testimony of DEA special agent David Mateer:** GRANTED. Mateer's testimony is essentially a primer on the cocaine industry, giving a rough sketch of the organizational structure of a typical cocaine dealing conspiracy. It also details the harvesting, transportation, and production process that takes a cocao leaf from a South American farm, to a drug ready for sale on American streets. Any benefit Mateer's testimony may

4

confer will be outweighed by its propensity to confuse the issues, to cause undue delay, and improperly convey the impression that Cooper is a member of a global organized crime ring.

**Defendant's No. 6: motion to exclude expert testimony of Barry Stewart:** DENIED as moot. The government no longer plans on calling Stewart as a witness.

**Defendant's No. 7: motion to exclude co-conspirator statements:** DENIED. However, the government may only introduce co-conspirator statements that were disclosed in the table it provided to Cooper, or included in its trial brief.

**Defendant's No. 8: motion to exclude 404(b) evidence:** GRANTED; unopposed.

**Defendant's No. 9: motion to exclude evidence regarding Henry Tobias:** DENIED. An indictment need not name every co-conspirator in order to be sufficiently pled. *See United States v. McCown*, 711 F.2d 1441, 1450-51 (9th Cir. 1983) (finding indictment sufficient which "states ... the time during which the conspiracy was operative, states the purpose of the conspiracy . . . cites the statutes allegedly violated . . ., gives the approximate location of the conspiratorial activities ..., *and names some of the co-conspirators*.") (emphasis added). Therefore introduction of evidence relating to Tobias does not impinge upon Cooper's "right to stand trial only on charges made by a grand jury in its indictment," *United States v. Garcia-Paz*, 282 F.3d 1212, 1215 (9th Cir. 2002).

**Defendant's No. 10: motion to exclude evidence of commentary regarding gangs:** GRANTED; unopposed.

**Defendant's No. 11: motion to preclude evidence of law enforcement's prior knowledge of, or interactions with Cooper:** GRANTED, with the following exception: The government wishes to introduce evidence that Cooper was pulled over by police on December 19, 2012 while driving the same white Mercedes he is alleged to have driven during the February 5, 2013 transaction. The parties have agreed to stipulate to the fact that Cooper was driving the Mercedes without reference to the police.

**Defendant's No. 12: motion to preclude hearsay and limit government to items on**

5

**exhibit list:** DENIED without prejudice to specific objections at time of trial.

**Defendant's No. 13: motion to require government to inform its witnesses of the Court's pretrial rulings:** GRANTED in part. The government shall inform its law enforcement witnesses of the Court's rulings on defendant's motions *in limine* nos. 10 and 11. The government shall also remind their expert witnesses that they may only testify to opinions that have been properly disclosed.

**Defendant's No. 14: motion to preclude government from presenting second superseding indictment to jury:** GRANTED; unopposed.

**Defendant's No. 15: motion to permit Cooper to dress in civilian clothes:** GRANTED; unopposed.

**IT IS SO ORDERED.**

Dated: April 23, 2015

SUSAN ILLSTON
United States District Judge