1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    USA,                                    Case No.  13-cr-00693-SI-1

              Plaintiff,

8
                                             ORDER EXCLUDING EXPERT
       v.                                    TESTIMONY OF AGENT LUNA
9

10   ELIJAH COOPER,

              Defendant.

11

12

13         In its final pretrial order, the Court found that the notice the government provided for

14   Agent Luna did not include a summary of Luna's opinions or the bases and reasons for them as

15   required by Rule 16(a)(1)(G). Docket No. 163. It ordered the government to file a supplemental

16   notice no later than April 24, 2015, and deferred ruling on whether it would limit Luna's

17   testimony to the opinions actually disclosed in the government's deficient Rule 16 notice. *Id.* at 3

18   (discussing defendant's motion *in limine* no. 1).

19         While the Court appreciates the government's attempt to supplement the notice, it

20   nonetheless cannot allow Agent Luna to provide testimony based on the opinions it discloses.[1] The

21   purpose of requiring Rule 16 disclosures by April 7, 2015, *see* Docket No. 115, was to give

22   Cooper sufficient time to prepare an adequate defense, including retaining his own expert if

23   necessary. Whether the government's supplemental disclosure – provided two and a half weeks

24

25

26         _____

           [1] At oral argument on April 29, 2015, the Court conveyed to the parties that it would not
27   allow Agent Luna to testify to the conclusions and opinions in the supplemental Rule 16 notice.
     The Court deferred ruling on whether Agent Luna could testify to the opinions in the original Rule
28   16 notice until the government submitted an offer of proof. On May 5, 2015, the government filed
     its offer of proof. Docket No. 189.

United States District Court
Northern District of California

late – complies with the Rule or not, the damage has already been done. Moreover, the government's failure to properly disclose Luna's opinions appeared to be the result of a calculated choice, rather than inadvertence or mistake. Permitting Luna to testify based on the supplemental notice would allow the government to benefit as a result of its willful failure to comply with Rule 16.

The government's contingency plan is to elicit the testimony of Agent Luna based on the initial disclosure, and supplement it with the testimony of a custodian of records ("COR") from MetroPCS. Specifically, the government proposes that Agent Luna will explain "(1) how cellular telephones and cellular telephone networks operate; (2) the information contained in cellular telephone records, also known as call detail records; and (3) that it is possible to approximate to a fair degree of accuracy the location of a cellular telephone based on information contained in call detail records, based on the cell site location accessed for a particular call, along with any attendant cell sector information." Docket No. 189, Offer of Proof at 1-2. The COR would then testify to the location of the various cell towers that were pinged from Cooper's phone, and "[t]he location of the cell towers utilized will be plotted on a map using these latitude and longitude coordinates [and] [t]he orientation of each cell site tower will also be displayed on a map." *Id.* at 3. Essentially the government wishes to allow Luna to explain, in general terms, that there are methods by which an expert could discern the location of a caller by analyzing cell site data, and then use the testimony of the COR to plot on a map the cell towers that Cooper pinged.

This testimony carries a high risk of misleading the jury into the conclusion that Cooper's movements necessarily tracked the location of the cell towers that his calls pinged. Whether any given cell tower is pinged depends on a number of factors that are unrelated to the location of the caller, and determining the location of a caller based on cell site data requires the use of expert methodologies, often including taking empirical measurements in the field. Therefore, the fact that Cooper's calls pinged certain cell towers, standing alone, is not relevant because it does not have

United States District Court
Northern District of California

"any tendency to make a fact more or less probable than it would be without the evidence."[2] Fed. R. Evid. 401. In short, the government wishes to use a COR to testify to the very conclusions the Court precluded Agent Luna from testifying to.

The Court finds that any benefit from Agent Luna's generalized testimony about how cellular networks operate, and methodologies for determining a caller's location using cell site data will be outweighed by its propensity to confuse the issues and cause undue delay. Therefore, the Court GRANTS Cooper's motion *in limine* no. 1, and excludes the testimony of Agent Luna. Similarly, the COR may not testify to the location of cell towers or the like. Without the benefit of expert testimony, this information is not relevant – this is presumably why the government sought to use Agent Luna's testimony in the first instance.[3] However, the COR may testify to issues unrelated to cell site data such as the time of a call or text, call duration, and whether a call or text was incoming or outgoing.

**IT IS SO ORDERED.**

Dated: May 6, 2015

_____
SUSAN ILLSTON
United States District Judge

---

[2] While the location of the cell towers pinged could still potentially be relevant to showing that Cooper was at least within a large radius of the tower, Cooper has already agreed to stipulate to the fact that he was in the Bayview-Hunters Point neighborhood on February 5, 2013.

[3] Indeed, in its opposition to Cooper's motion *in limine* no. 1, the government argued that "Luna's testimony will assist the jury in understanding highly technical numerical data in a relatively short time period, thus reducing trial length and risk of juror confusion." Docket No. 153 at 7. The government now wishes to present the jury with this raw "highly technical numerical data" without the expert testimony necessary to give it meaning.

United States District Court
Northern District of California